**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

TOKA LACE,

     Plaintiff,

       v.

THOR MOTOR COACH, INC.,

     Defendant.

CASE NO. 3:25-CV-50-DRL-SJF

**OPINION and ORDER**

Two motions are pending before the Court, both filed as a follow-up to a video status conference the Court held on September 16, 2025. During that conference the Court ordered Plaintiff's counsel to file a written motion echoing his oral request, made during the status conference, for limited discovery by September 23, 2025. [DE 27]. On September 23, 2025, Plaintiff's counsel timely filed the Motion for Leave to Serve Limited Discovery. [DE 29]. Defendant timely responded on September 30, 2025. [DE 31]. No reply was filed, and the time to do so has long since passed. [*See* DE 27]. Also on September 23, 2025, Defendant filed its Motion for Order to Show Cause. [DE 28]. The response was filed on October 7, 2025. [DE 30]. Defendant filed its reply on October 14, 2025. [DE 32]. Accordingly, both motions are ripe for ruling. *See* N.D. Ind. L.R. 7-1(d)(3)(B). As expanded *infra*, Plaintiff's motion is denied and Defendant's motion is granted.

## I.    Relevant Background

Plaintiff Toka Lace filed her employment discrimination complaint against Defendant in Indiana state court, which Defendant later successfully removed to this Court. [DEs 1, 7]. Sometime after removal, after a scheduling order was entered in this case, the parties filed a joint motion for a status conference. [DE 23]. The joint motion conveyed that sometime in July 2025, Plaintiff returned to work for Defendant. [*Id.* at 1, ¶ 3]. The Court granted the motion and set the case for a telephonic status conference [DE 24]. At telephonic status conference, Plaintiff's counsel informed the Court that Plaintiff ceased communication since being reinstated at her job with Defendant. [DE 26 at 1]. After this conference, the Court stayed the discovery deadlines in the case [DE 13] and set a status conference to be conducted via video. [DE 26]. The Court further ordered Plaintiff to appear at the video conference in order to inform the Court of her intention on continuing to prosecute her case and also cautioned her that her failure to appear risked dismissal of her case. [DE 26 at 2].

Plaintiff failed to appear at the video conference. [DE 27]. However, her attorney did appear, and made an oral motion for leave to issue limited discovery related to Plaintiff's employment to Defendant. The Court denied Plaintiff's oral motion and ordered Plaintiff to file a written motion instead. [DE 27]. Plaintiff timely filed that written motion, which is now ripe. Defendant also filed its motion requesting an order to show cause based on Plaintiff's failure to appear, which Defendant argues constitutes a want of prosecution warranting dismissal under Fed. R. Civ. P. 41(b). Defendant's

2

motion is also ripe. The Court addresses Plaintiff's motion first and Defendant's motion second.

## II.    Discussion

### A.  Motion for Leave to Serve Limited Discovery [DE 29]

The Motion for Leave to Serve Limited Discovery filed by Plaintiff's counsel, ostensibly on her behalf, requests that the Court grant leave for counsel to "serve five interrogatories and five requests for production of documents" surrounding Plaintiff's rehire and return to work with Defendant. [DE 29 at 2, ¶ 8]. Defendant opposes the motion for several reasons and argues that the appropriate remedy to Plaintiff's silence is a show cause order directing Plaintiff to show why her case should not be dismissed for lack of prosecution under Fed. R. Civ. P. 41(b).

Discovery in lawsuits in the federal courts is governed by Rules 26 to 37 of the Federal Rules of Civil Procedure. The rules allow for judicial intervention in order to "enforce a legitimate request by one party for information or documents from the other party," but "they do not give district judges the authority to compel a litigant to engage in discovery in the first place." *Identiseal Corp. of Wis. v. Positive Identification Sys., Inc.*, 560 F.2d 298, 301 (7th Cir. 1977). This limitation echoes the "traditional principle that the parties, rather than the court, should determine litigation strategy." *Id.* at 302 (citing Abram Chayes, *The Role of the Judge in Public Law Litigation*, 89 Harv. L. Rev. 1281, 1283 (1976)).

Further, Rule 26(b)(1) limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the

case" with the consideration of certain factors in mind. Fed. R. Civ. P. 26(b)(1). It is within this Court's discretion to deny a request to conduct certain discovery where the request is "based on nothing more than mere speculation and would amount to a fishing expedition." *Helping Hand Caregivers, Ltd. v. Darden Rest., Inc.*, 900 F.3d 884, 890 (7th Cir. 2018) (internal quotations omitted). It is also proper for a court to limit discovery in order to avoid piecemeal litigation. *Id.* at 891 (citing *Kallal v. CIBA Vision Corp.*, 779 F.3d 443, 446-47 (7th Cir. 2015).

Plaintiff's motion does not offer legal precedent in support of the requested relief. [*See* DE 29]. Here, Plaintiff has stopped communicating with her counsel after returning to work, which counsel argues "rais[es] concerns that the circumstances related to her rehire may have impacted her willingness to participate in this case." [DE 29 at 1-2, ¶ 6]. Plaintiff's counsel seeks leave to issue written discovery to Defendant related to these circumstances. The rationale Plaintiff's counsel provides for justifying the additional limited discovery is that it will allow counsel to "discharge counsel's duties and to confirm no inappropriate communications or payments were made without consulting counsel. . . ." [DE 29 at 2, ¶ 7]. Defendant's argument is that Plaintiff's motion lacks good cause under Fed. R. Civ. P. 26 specifically because the request is "premised solely on speculation" based on Plaintiff's silence after reinstatement, and is well-taken. [*See* DE 30 at 2, ¶ 5]. As Defendant points out, Plaintiff's silence points to a breakdown of the attorney-client relationship, not to the merits of her complaint. Here, allowing for limited discovery would improperly burden Defendant with expending resources responding to written discovery that is focused on

the attorney-client relationship between Plaintiff and her counsel, and not focused on the allegations found in Plaintiff's complaint.

It is also apparent that counsel is not acting on Plaintiff's direction. This is concerning, because Plaintiff will be bound by her counsel's conduct—even though her inaction and lack of communication strongly suggests that she no longer has interest in pursuing her claims. *In re Sterling*, 933 F.3d 828, 833 (7th Cir. 2019) ("We have repeatedly stated that clients are bound by their counsel's conduct.") (internal citations omitted). Further, allowing even the limited discovery Plaintiff's counsel requests risks consuming time and resources that Plaintiff appears to not desire to expend. *See Helping Hand Caregivers, Ltd.*, 900 F.3d at 891 (quoting *Olivieri v. Rodriguez*, 122 F.3d 406, 409 (7th Cir. 1997) ("[p]retrial discovery is time consuming and expensive; it protracts and complicates litigation; and judges are to be commended rather than criticized for keeping tight reins on it."). Defendant has made clear that it also would find such an expenditure unduly burdensome and unnecessary.

Accordingly, the Court denies Plaintiff's request. Finding the arguments Defendant brought *supra* sufficient, the Court declines to address the remaining arguments Defendant brought against a grant of limited written discovery in its response.

### B. Motion for Order to Show Cause [DE 28]

As a consequence of Plaintiff's failure to appear at the Zoom status conference on September 16, 2025, in contravention of the Court's earlier August 13, 2025, order,

Defendant brings its motion requesting an order to show cause under Rule 41(b). Fed. R. Civ. P. 41(b).

Fed. R. Civ. P. 41(b) allows for dismissal on motion if a plaintiff fails to prosecute her case, comply with the Federal Rules of Civil Procedure, or a court order. So long as a court finds that a plaintiff has litigated with unreasonable delay under Rule 41, dismissal with prejudice is proper. *See* Fed. R. Civ. P. 41(b). However, dismissal for failure to prosecute is "an extraordinarily harsh sanction" that should be used "only in extreme circumstances, when there is a clear record of delay or contumacious conduct, or when less drastic sanctions have proven unavailable." *Ledford v. Waldo*, Cause No. 3:21cv770, 2023 WL 4844777, at *1 (N.D. Ind. July 12, 2023) (citing to *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000)). A consideration of lesser sanctions is important when an action is relatively young, a litigant is proceeding *pro se*, or no prior warning has been given that a sanction of dismissal will be imposed. *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1177 n. 3 (7th Cir. 1987) (internal quotations omitted).

Here, Defendant chiefly points to Plaintiff's failure to appear and Plaintiff's failure to respond to Defendant's written discovery as warranting a show cause order. [DE 28 at 1-2, ¶¶ 2-5]. As for Plaintiff's behavior during discovery, Defendant argues that Plaintiff has "demonstrated a clear record of significant delay by requesting and receiving numerous continuances failing to respond to any discovery or participating in any meaningful way in this case, justifying dismissal." [*Id.* at 2-3, ¶ 8]. Plaintiff's counsel argues in response that the circumstances do not warrant such a harsh sanction, namely because the case has been pending for a short period of time and because Plaintiff has

6

diligently prosecuted her claims until she returned to work with Defendant. [DE 31 at 2, ¶ 6]. Only then did she "abruptly and inexplicably cease communications with counsel." [DE 31 at 2, ¶ 7]. Finally, counsel states that "Plaintiff's counsel are continuing their efforts to reach [Plaintiff], and to identify the reason for her sudden lack of communication." [*Id.* at 2, ¶ 9].

Several months have passed and counsel has not indicated that any sort of attempts to reestablish communication with Plaintiff have been successful. Further, Plaintiff's silence, compounded by her failure to meaningfully prosecute her case, point towards dismissal as being the appropriate remedy here.

Defendant's motion should also be granted because Plaintiff also ignored the Court's order to appear individually at the Zoom status conference. Fed. R. Civ. P. 16(f)(1)(B) allows a court to sanction a party under Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii), for failing to participate in a pretrial conference. *FM Indus., Inc. v. Citicorp Credit Services, Inc.*, 614 F.3d 335, 338 (7th Cir. 2010). Plaintiff's disregard of the Court's earlier mandate weighs in favor of dismissal.

Prior to dismissal as a sanction, plaintiffs are entitled to a due warning so that they may remedy their behavior and preserve their case. *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993) ("The issuance of a single warning does not entail significant delay and should not be a burden on the judge or to the opposing party.").

Plaintiff has been warned that her case was likely to be dismissed as a sanction due to her delay once before, on September 16, 2025. [DE 26]. A long time has passed since then and Plaintiff has not corrected her behavior, so it is proper to dismiss this

case now. However, the Court is mindful of the mandate to not act precipitately, willfully, or unreasonably in dismissing a case. *Ball*, 2 F.3d at 755; *Schilling v. Walworth County Park & Planning Comm'n*, 805 F.2d 272, 275 (7th Cir. 1986).

The court is also mindful of the burden that further delay imposes on the Defendant. *Ball*, 2 F.3d at 759)("Unwarranted prejudice to a defendant from keeping a suit alive is an important consideration in the choice of sanctions for dilatory behavior from the wide menu available to the district judge."). Protracted delay makes it more difficult to mount an effective defense, and "ties up the defendant's time and prolongs the uncertainty and anxiety that are often the principal costs of being sued." *Id.*

Therefore, the Defendant's request is granted and Plaintiff will be required to show cause as to why her case should not be dismissed under Rule 41(b).

### III.    Conclusion

Based on the foregoing, Plaintiff's Motion for Leave to Serve Limited Discovery is **DENIED**. [DE 29]. Defendant's Motion for Order to Show Cause is **GRANTED**. [DE 28].

In addition, Plaintiff is **ORDERED** to show cause, on or before **April 28, 2026**, why this action should not be dismissed due to her failure to appear on September 16, 2025, in order to inform the Court of her intentions of proceeding in this case. Failure to fully comply with this order will result in the undersigned recommending dismissal with prejudice pursuant to pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b), and N.D. Ind. L.R. 72-1(c).

**SO ORDERED** this 15th day of April 2026.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge